FIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

   -v-                                                                        16-CR-94

JOSEPH KUROWSKI,

                            Defendant.

_____

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION
FOR CONTINUED RELEASE ON BAIL FOLLOWING PLEA**

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, hereby submits this response to the defendant's motion for suspension of the entry of plea following allocution, or in the alternative, continued release on bail following an anticipated change of plea hearing.  *See* Dkt. #18.

**BACKGROUND**

On March 30, 2016, the defendant was charged in a criminal complaint with producing, receiving, and possessing child pornography, in violation of Title 18, United States Code, Sections 2251(a), 2252A(a)(2)(A), and 2252A(a)(5)(B).  *See* Dkt. #1.  On April 8, 2016, the defendant was released on an unsecured bond subject to certain conditions of pretrial release.  *See* Dkt. ##5, 6.  As part of the conditions of release, the defendant was advised that there would be zero tolerance for any non-compliance.  *See* Dkt. #6.  No instances of non-compliance have been noted.  On August 3, 2016, the defendant was charged in a four-count Indictment with producing, receiving, and possessing child pornography and attempted


enticement of a minor, in violation of Title 18, United States Code, Sections, 2251(a), 2252A(a)(2)(A), 2252A(a)(5)(B), and 2242(b).  At the defendant's arraignment, the defendant was continued on pretrial release.  *See* Dkt. #11.

A change of plea hearing is scheduled for November 30, 2016, at which time it is anticipated that the defendant will plead guilty to Count 4 of the Indictment charging possession of child pornography.  On November 22, 2016, the defendant filed the instant motion for suspension of the entry of plea following allocution, or in the alternative, continued release on bail following an anticipated change of plea hearing.  Based on the unique circumstances of this case and the need for the defendant to continue with mental health treatment, the government is not opposed to the court deferring acceptance of the plea agreement.  In the event the Court immediately accepts the plea agreement, the government takes no position as to the defendant's release under the Bail Reform Act and defers to the discretion of the Court on this issue.

## ARGUMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(3)(A), when a plea agreement between the parties contains an agreement by the government to not bring or move to dismiss other charges, the Court "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report."  *See* Fed. R. Crim. P. 11(c)(3)(A).  Because the plea agreement in the present case contains an agreement to dismiss the open counts of the Indictment, *see* ¶ 21, and is therefore the type of agreement that the Court could defer acceptance of, the government is not opposed to the defendant's request to defer acceptance

of the plea agreement, which would in turn allow the defendant to continue with his mental health treatment.

If the Court does not defer acceptance of the plea agreement and instead immediately accepts it, then the defendant's continued release must be evaluated under the Bail Reform Act. Pursuant to the Bail Reform Act, when a defendant has been found guilty of a crime of violence and is awaiting sentencing, a

> judicial officer shall order that [such] person … be detained unless-
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). A "crime of violence" is defined to include "any felony under chapter … 110," which would include possession of child pornography. 18 U.S.C. § 3156(a)(4)(C). Notwithstanding the compulsory language of § 3143(a)(2), a defendant found guilty of a crime of violence "may nevertheless be released if (1) the district court finds that the conditions of release set forth in § 3143(a)(1)[1] have been met, and (2) 'it is clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (*quoting* 18 U.S.C. § 3145(c)).

Applying the standard set forth in § 3145(c), the government takes no position on the defendant's request for continued release on bail. Here, the government agrees that there is

---

[1] Pursuant to § 3143(a)(1), a judicial officer must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."

3

no indication that the defendant is likely to flee prior to sentencing.  However, the government believes that it is a much closer question as to whether exceptional reasons are present that warrant release, and therefore, the government defers to the discretion of the Court on this question.  The Second Circuit has noted that "exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" *Lea*, 360 F.3d at 403 (*quoting United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir.1991)).  In *Lea*, the Court acknowledged that personal circumstances on their own, are not sufficient to rise to the level of exceptional.  *Lea*, 360 F.3d at 403-04 ("There is nothing 'exceptional' about going to school, being employed, or being a first-time offender, either separately or in combination.").  Although personal factors alone are not enough to warrant a finding of exceptional circumstances, district courts within this circuit

> have applied the following non-exclusive factors, established by the Ninth Circuit, for determining whether exceptional reasons exist: (1) whether the defendant's criminal conduct was aberrational; (2) whether the defendant led an exemplary life prior to his offense and would be likely to continue to contribute to society significantly if allowed to remain free on bail; (3) the nature of the violent act itself; (4) the length of the prison sentence; (5) whether prison would impose unusual hardships on a defendant due to illness or injury; (6) the nature of a defendant's arguments on appeal; (7) whether the defendant is exceptionally unlikely to flee or to constitute a danger to the community; and (8) whether the defendant was unusually cooperative with the government.

*United States v. DiMattina*, 885 F. Supp. 2d 572, 589 (E.D.N.Y. 2012) (internal quotations omitted) (*quoting United States v. Reboux*, No. 5:06–CR–451, 2007 WL 4409801, at *2 (N.D.N.Y. Dec. 14, 2007).

In the present case, the government does not dispute that the defendant has significant mental health issues that would be negatively impacted if he were to be incarcerated prior to sentencing.  However, the defendant's mental health situation would appear to be solely a

4

personal circumstance, and unless any of the other factors set forth above are present, release would not seem to be warranted. Because this is a close question, and evaluation of the defendant in open Court, by the Court, might assist in determining whether any of the additional factors set forth above are present, the government respectfully defers to the discretion of the Court as to whether exceptional reasons exist to warrant release under the Bail Reform Act.

## CONCLUSION

For the foregoing reasons, the government is not opposed to the deferred acceptance of the plea agreement in this case, and in the alternative, takes no position as to whether release is warranted under the Bail Reform Act.

DATED: Buffalo, New York, November 29, 2016.

JAMES P. KENNEDY, JR.
Acting United States Attorney

BY: *S/ AARON J. MANGO*
_____
AARON J. MANGO
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5882
aaron.mango@usdoj.gov