IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.                                        16-CR-94

JOSEPH KUROWSKI,

                    Defendant.

## PLEA AGREEMENT

The defendant, JOSEPH KUROWSKI, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 4 of the Indictment charging a violation of Title 18, United States Code, Section 2252A(a)(5)(B) [possession of child pornography], for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014.

3. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victims, up to $50,000, as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the pleas of guilty based upon any restitution amount ordered by the Court.

4. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

5. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and

addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

6. The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II. ELEMENTS AND FACTUAL BASIS

7. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

  a. the defendant knowingly possessed material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8);

  b. that such child pornography had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including

   by computer, or that was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; and

 c. the defendant knew that such material contained child pornography.

## FACTUAL BASIS

8. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

 a. Between on or about April 10, 2015, and on or about October 21, 2015, the defendant, while residing in the Western District of New York, knowingly possessed an image of child pornography, which was stored on his Apple Macbook laptop computer. The defendant obtained this image from a minor female (hereinafter "Victim 2"), which was sent to the defendant via text message.

 b. Specifically, in the spring of 2015, the defendant began communicating via text messages with Victim 2, who has been identified as a 17-year-old female. The text messages were sexually explicit in nature, and on April 10, 2015, the defendant asked Victim 2 to send him a sexually explicit photograph. On April 10, 2015, Victim 2 sent to the defendant a close up picture of her fingers spreading her vagina open. The defendant was aware that Victim 2 was a minor at the time she sent this image. The defendant possessed this image of child pornography on his Apple Macbook laptop computer, which was manufactured outside the state of New York.

## III. SENTENCING GUIDELINES

9. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

10. Pursuant to Sentencing Guidelines § 1B1.1(2)(a), the government and the defendant agree that the defendant's Guideline range for imprisonment and fine shall be

4

determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 2422(b) as contained in Count 1 of the Indictment.

## BASE OFFENSE LEVEL

11. The government and the defendant agree that Guideline §2G1.3(a)(3) applies to the offense of conviction and provides for a base offense level of 28.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

12. The government and the defendant agree that the following specific offense characteristic does apply:

   a. the two level increase pursuant to Guidelines § 2G1.3(b)(3)(A) [offense involved use of a computer to persuade and induce the minor to engage in prohibited sexual conduct].

## ADJUSTED OFFENSE LEVEL

13. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 30.

## ACCEPTANCE OF RESPONSIBILITY

14. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 27.

## CRIMINAL HISTORY CATEGORY

15.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16.     It is the understanding of the government and the defendant that, with a total offense level of 27 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **70 to 87** months, a fine of $12,500 to $125,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

17.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

18. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

19. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the defendant's production, receipt, and possession of child pornography, and enticement of a minor, which are not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

20. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

7

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

21. At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

22. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. **APPEAL RIGHTS**

23. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's

sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. COMPUTER FORFEITURE

26. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized computer equipment and other electronic media, which were seized by law enforcement officials based upon the execution of a search warrant, including but not limited to the following:

    a.    One (1) Apple Macbook Pro, bearing serial no: C02NJ1DTG3QC;

    b.    One (1) Apple iPhone cellular phone, Model: A1522, IMEI: 354386067144522; and

    c. One (1) black Apple iPad tablet, Model: 1566, bearing serial no: DMPND5DVG5VW.

27. Since the computer and related media were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the computer and all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3), and will be referenced in the <u>PRELIMINARY ORDER OF FORFEITURE</u> and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

28. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

29. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

30. The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

31. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

32. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

33. This plea agreement represents the total agreement between the defendant, JOSEPH KUROWSKI, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
AARON J. MANGO
Assistant U.S. Attorney

Dated: November 30, 2016

I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney, Andrew C. LoTempio, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
JOSEPH KUROWSKI  
Defendant

Dated: November 30, 2016

_____  
ANDREW C. LOTEMPIO, ESQ.  
Attorney for Defendant

Dated: November 30, 2016