IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

   -v-                                                                               16-CR-94-V

JOSEPH KUROWSKI,

                      Defendant.

_____

## GOVERNMENT'S RESPONSE TO THE
## DEFENDANT'S SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, respectfully files this response in opposition to the defendant's sentencing memorandum.

## PRELIMINARY STATEMENT

On November 30, 2016, the defendant appeared before this Court and pled guilty to Count 4 of the Indictment which charged possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B).  In the plea agreement, the parties agreed that the defendant's total offense level was 27, and with a criminal history category I, resulted in an advisory guideline range of 70 to 87 months.  *See* Dkt. #22.  However, the Presentence Report ("PSR") determined that, through application of a cross-reference, the defendant's total offense level was 31, and with a criminal history category I, resulted in an advisory guideline range of 108 to 120 months.  The plea agreement executed by the parties allowed the defendant to request a non-guideline sentence.  On March 7, 2017, the defendant

filed a sentencing memorandum moving this Court for a non-guideline sentence of probation. *See* Dkt. #32.  This memorandum is submitted in opposition to defendant's sentencing request for a non-guideline sentence and in support of the government's contention that this Court should impose a sentence of 70 months imprisonment, which is the low end of the range calculated by the parties in the plea agreement.

### Statement of Facts

The government concurs with and relies on the statement of facts outlined in the PSR at paragraphs 13 through 20, and 38 through 57.

### DISCUSSION

The United States recognizes that since *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory rather than statutorily mandated.  However, when imposing a sentence, the Court is required to consider the guidelines, but must fashion a sentence that is consistent with the factors detailed in 18 U.S.C. § 3553(a).  As noted by the Supreme Court, the guidelines have a "real and pervasive effect … on sentencing" and therefore, "are not only the starting point for most federal sentencing proceedings but also the lodestar." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016).  The United States contends that a sentence of 70 months is reasonable and appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

Under Section 3553(a), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence,

and protect the public.  *See United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) ("In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress .... It bears noting that the Sentencing Commission is an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider.").  The sentencing court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  A court that imposes a sentence outside the applicable advisory guidelines range must do so on notice to the parties and must state "with specificity" both at sentencing and in the written judgment and commitment order its reasons for doing so.  18 U.S.C. § 3553(c).

Although the defendant presents compelling information about his mental health issues, the government cannot accept the explanation that the defendant was simply trying to enhance his social skills and was "addicted to speaking with *anyone* … about *anything*."  *See* Dkt. #32, p. 8 (emphasis in original).  Rather, from the conversations detailed in the PSR, and from other conversations recovered from the defendant's electronic items that are not recounted in the PSR, it is clear that the defendant was *only* interested in meeting others on the internet for sexual purposes.  Most troubling about the defendant's activities is that once the defendant learned that he was chatting with a minor, he not only continued, but also escalated, the sexual nature of the communication.  With respect to the victim of the current count of conviction, on the same day that the defendant learned that the victim was three weeks shy of her 18th birthday and having her period, the defendant asked her if she would be

3

willing to "suck me off or something?" *See* PSR ¶ 18.  Approximately two weeks later, the defendant requested the victim to take a sexually explicit photograph showing her "[t]itties-stomach-pussy." *Id.* at ¶ 19.  With respect to another victim, listed as minor female 1 in the PSR, after learning her real age was 13 and chastising her for lying about her age, the defendant told her:

> I wanna see you and hold you and make out with you and grab your titties and I wanna fuck you in lots of fun ways especially cause your so small it'll be amazing cause I can hold you up and whip you around.  But when your ready…I wanna see your body and hear you moan.

*Id*. at ¶ 39.

Therefore, the defendant's online conduct does not support the defendant's explanation that he was trying to "augment his social skills," *id.* at ¶ 23, or trying to keep the conversations going.  Instead, the defendant's conduct illustrates that he was only interested in having sexually charged communications with individuals over the internet with the apparent goal of meeting these individuals for sexual activity.  The problem here was that some of the individuals the defendant targeted were minors.  As such, a sentence for the defendant's conduct must account for the seriousness of the underlying offense, which involved the sexual exploitation of minor females over the internet.

In a child pornography case such as this one, the primary victims are the children depicted in the images possessed by the defendant. *United States v. Shutic*, 274 F.3d 1123, 1126 (7th Cir. 2001); *United States v. Sherman*, 268 F.3d 539, 547-48 (7th Cir, 2001).  As the *Sherman* Court noted, "child pornography directly victimizes the children portrayed by violating their right to privacy." *Id.*  As the Court noted in *Shutic*, "children ... suffer profound emotional

4

repercussions from a fear of exposure, and the tension of keeping the abuse a secret." *Shutic*, 274 F.3d at 1126. (citations omitted).  Therefore, a sentence for the defendant's conduct must account for the impact his conduct had on the victims depicted in the images of sought from the victims.  On February 27, 2013, the United States Sentencing Commission issued a Federal Child Pornography Offenses Report ("Report"), which reaffirmed that all child pornography offenses perpetuates the harm to the victims depicted in the images and fuels a market for the production of such images.  *See* Report, ch. 12, p. 311-12, (available at http://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses, last accessed March 21, 2017).  Therefore, the seriousness of the underlying offense clearly weighs in favor of a significant custodial sentence for the purposes of punishment and promoting deterrence.

## CONCLUSION

For the foregoing reasons, the defendant should be sentenced to a sentence of 70 months imprisonment.

DATED:  Buffalo, New York, March 23, 2017.

JAMES P. KENNEDY, JR.
Acting United States Attorney

BY: *S/ AARON J. MANGO*
_____
AARON J. MANGO
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5882
aaron.mango@usdoj.gov