UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

    v.

JOSEPH L. KUROWSKI,[1]

    Defendant.

_____

16-CR-94
ORDER



    The pro se petitioner, Joseph Kurowski, has moved for an award of good time under 28 U.S.C. § 2241. Docket Item 43. More specifically, he asks the Court to order the Bureau of Prisons to reduce his sentence by the number of good conduct time days as that number would be calculated under the amendments to 18 U.S.C. § 3624 in the First Step Act of 2018. *Id.*

    Section 102(b)(1)(A) of the First Step Act amends subsection (b)(1) of 18 U.S.C. § 3624,

> (i) by striking ", beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term," and inserting "of up to 54 days for each year of the prisoner's sentence imposed by the court,"; [and]
>
> (ii) by striking "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the

---

[1] Although the caption of this criminal case is United States v. Kurowski, Kurowski has captioned his "motion" "Joseph L. Kurowski, Petitioner v. Warden Lacone-Fratelli, Respondent." The Court notes, without deciding, that because the relief that the petitioner seeks is earlier release from incarceration, the proper vehicle would likely be a habeas petition. Although he purports to bring his motion "under 28 U.S.C. § 2241," a habeas corpus statute, he filed this motion on the criminal docket for his offense of conviction. Because this Court finds that Kurowski's motion should be denied regardless, this order does not address the appropriate procedural vehicle for the relief he seeks.

sentence" and inserting "credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment".

*Id.* According to Kurowski, "Congress made clear that this change was to be implemented immediately," and because he is scheduled to be released on May 29, 2019, the recalculation of good time must be done quickly if he is to receive any benefit. Docket Item 43.

Section 102(b)(2) of the First Step Act provides the "Effective Date" for this change:

> The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code.

First Step Act of 2018 § 102(b)(2). Section 101 of the First Step Act establishes the Attorney General's duty to develop that risk and needs assessment system "[n]ot later than 210 days after the date of enactment of this subchapter." First Step Act of 2018 § 101(a). The First Step Act was enacted on December 21, 2018, and 210 days after that is July 20, 2019. The Attorney General has not yet developed the risk and needs assessment system under the new law. *See* Department of Justice Announces First Step Act Implementation Process (Apr. 8, 2019), https://www.justice.gov/opa/pr/department-justice-announces-first-step-act-implementation-progress (announcing the selection of the Hudson Institute to "assist the Department as it develops and implements risk and needs assessment tools.").

Kurowski argues that the Bureau of Prisons nevertheless should apply the changes in section 102(b)(1)(A) now. He argues that the law is "not a model of perfect drafting," that "the presence of two different time frames for two different programs speaks strongly against the interpretation afforded by [sic] the new law by the BOP,"

and "recalculation of good time is a purely ministerial task which the BOP was already engaging in." Docket Item 43. And he asserts that the changes therefore should apply before the effective date for those changes in section 102(b)(2).

Contrary to Kurowski's arguments, however, the effective date for section 102 of the First Step Act is clear. Section 102(b)(2) explicitly provides that the "amendments made by this subsection," referring to the amendments in section 101(b)(1)(A), shall take effect on the date the Attorney General completes and releases the risk and needs assessment system. That has not yet happened. Therefore, Kurowski's argument that he should receive an award of good time as calculated under the First Step Act's amendments before those amendments take effect is not persuasive.

## CONCLUSION

For the reasons stated above, Kurowski's motion is DENIED.

SO ORDERED.

Dated:   April 9, 2019
         Buffalo, New York

                                              *s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE