1                **UNITED STATES DISTRICT COURT**
                **WESTERN DISTRICT OF NEW YORK**

2

    _____

3  UNITED STATES OF AMERICA,

                           Case No. 1:16-cr-94

4             Plaintiff,              (LJV)

5  vs.                        April 5, 2017

6  JOSEPH KUROWSKI,

7                  Defendant.

    _____

8

9          **TRANSCRIPT - EXCERPT OF SENTENCING**

10    **BEFORE THE HONORABLE LAWRENCE J. VILARDO**
          **UNITED STATES DISTRICT JUDGE**

11

   APPEARANCES:         JAMES P. KENNEDY, JR.

12                ACTING UNITED STATES ATTORNEY
                BY: AARON J. MANGO, ESQ.

13                Assistant United States Attorney
                Federal Centre

14                138 Delaware Avenue
                Buffalo, New York 14202

15                For the Plaintiff

16                LAW OFFICES OF ANDREW C. LOTEMPIO
                BY: ANDREW C. LOTEMPIO, ESQ.

17                227 Niagara Street
                Buffalo, New York 14202

18                For the Defendant

19  PROBATION:         DAVID W. BALL, USPO

20  LAW CLERK:         KRISTIN E. BENDER, ESQ.

21  DEPUTY CLERK:      ALLISON P. GIOIA, ESQ.

22  COURT REPORTER:    ANN M. SAWYER, RPR, CRR, NYRCR, NYACR
                Robert H. Jackson Courthouse

23                2 Niagara Square
                Buffalo, New York 14202

24                Ann_Sawyer@nywd.uscourts.gov

25

1          (Excerpt commenced at 3:22 p.m.)

2          (Back on the record at 3:22 p.m.)

3          THE CLERK:  All rise.

4          THE COURT:  Please be seated.

5          Do either counsel know of any reason why sentence

6    should not now be imposed?

7          MR. LoTEMPIO:  No, Your Honor.

8          MR. MANGO:  No, Judge.  Just one thing, I can't let

9    the record stand without saying it.  And I needed to consult

10   with the law enforcement officer because sometimes, you know,

11   I -- maybe I'm thinking I'm not paying attention, but I didn't

12   hear one apology, one -- one ounce of apology to the victims

13   in this case from the defendant.  And that struck me, because

14   these are victim cases.  There are minor girls on the other

15   side who, although they're not here, and although they didn't

16   submit any type of victim impact statement in this case,

17   they've got to live with this for the rest of their life.  And

18   there was no sorry to them.

19          I just had to note that for the record, Judge.  We're

20   ready for sentencing.

21          THE COURT:  Mr. LoTempio, any response?

22          MR. LoTEMPIO:  Judge, I think from Mr. Kurowski's

23   statement, it was rather obvious that he's taken

24   responsibility and he's admitting that the behavior, in his

25   own mind, is outrageous and there's remorse in what he's

1   saying.  And I believe his letter reflected that also, Judge.

2        THE COURT:  Okay.

3        THE DEFENDANT:  Judge, I just would like to say that

4   I -- I refrained from saying specifically the word "sorry"

5   because I'm not looking to be excused for my actions, but I

6   regret what I've done and how it's come about.  So, in my

7   mind, that -- that says sorry without asking you to excuse

8   everything and let it all go.

9        THE COURT:  Okay.  Pursuant to the Sentencing Reform

10   Act of 1984 and the 2016 certification of the sentencing

11   guidelines, it's the judgement of the Court that the

12   defendant, Joseph Kurowski, is hereby sentenced to 30 months

13   of imprisonment.  The cost of incarceration fee is waived.

14   Upon release, the defendant shall be placed on supervised

15   release for a term of ten years.

16        After his release the following conditions shall

17   apply:

18        Within 72 hours of release from custody from the

19   Bureau of Prisons, the defendant shall report in person to the

20   probation office in the district to which the defendant is

21   released unless the probation officer instructs the defendant

22   to report to a different probation officer or within a

23   different time frame.

24        The defendant shall comply with the standard

25   conditions of supervised release adopted by this Court.  And I

1    note that there were new conditions of supervised release that

2    were adopted yesterday, so the conditions of supervised

3    release, the standard conditions of supervised release

4    effective as of April 4th, 2017 shall apply.

5          The defendant shall not commit any crime under

6    federal, state or local law.

7          The defendant shall not possess a controlled

8    substance unless it's prescribed by a physician.

9          The defendant shall not possess a firearm,

10   ammunition, destructive device, or a dangerous weapon as that

11   term is defined in the new standard conditions.

12         Because the instant offense occurred after

13   September 13th, 1994 and is not related to illegal substances

14   and because the defendant does not have a history of substance

15   abuse problems, the mandatory requirement for drug testing is

16   waived.

17         The defendant shall cooperate in the collection of a

18   DNA sample as required by the Justice for All Act of 2004.

19         The defendant shall provide the probation office

20   advanced notification of any computers, automated services, or

21   connective devices that will be used during the term of

22   supervision.  The probation office is authorized to install

23   any application as necessary to surveil all activity on

24   computers or connected device owned or operated by the

25   defendant.

1       The defendant may be required to pay or pay in part

2  the cost of monitoring services at the monthly rate provided

3  by the probation office.  The rate and payment schedule are

4  subject to periodic adjustment by the probation office.

5       The probation office shall be notified via electronic

6  transmission of impermissible or suspicious activity or

7  communications occurring on such computer or connected device

8  consistent with the computer monitoring policy in effect.

9       As triggered by impermissible or suspicious activity,

10  the defendant shall consistent to and cooperate with

11  unannounced examinations of any computer equipment owned or

12  used by the defendant.  This examination may include, but it's

13  not limited to, retrieval and copying of all data from the

14  computers, connected devices, storage media, and any internal

15  or external peripherals, and it may involve removal of such

16  equipment for the purpose of conducting a more thorough

17  examination.  Any such monitoring or examination shall be

18  designed to avoid as much as possible any review of privileged

19  information or any private material that is not illegal or

20  reasonably likely to lead to illegal material or evidence

21  related to illegal activity.

22       The defendant shall enroll, attend and participate in

23  mental health intervention specifically designed for the

24  treatment of sexual offenders as approved by the probation

25  office.  The defendant shall comply with the mandates of the

1    treatment program, and shall not leave such treatment until

2    discharge is agreed to by the probation office and the

3    treating agency.  The defendant may be required to contribute

4    to costs based on ability to pay or availability of

5    third-party payment.

6         The defendant also shall submit to a mental health

7    evaluation -- a general mental health evaluation.  If

8    indicated by the evaluation, the defendant shall participate

9    in mental health treatment, the details of the treatment to be

10   approved by the probation office.  The defendant is not to

11   leave treatment until discharge is agreed to by the probation

12   office and the treating agency.

13        While in treatment or taking psychotropic medication,

14   the defendant shall abstain from the use of alcohol.  The

15   defendant is required to contribute to the cost of services

16   rendered, copayment in an amount to be determined by the

17   probation office based on the ability to pay or the

18   availability of third-party payment.

19        The defendant shall not have deliberate contact with

20   any child under 18 years of age except for his biological or

21   adopted children unless approved by the probation officer.

22        The defendant shall not loiter within 100 feet of

23   schoolyards, playgrounds, arcades, or other places primarily

24   used by children under the age of 18.

25        The probation office has the discretion to authorize

1     the defendant to pick up his children from school or other

2     functions, but the defendant must obtain authorization in

3     advance.

4              The defendant shall not possess or download any child

5     pornography as that term is defined in 18, United States Code,

6     Section 2256 as follows:  Any visual depiction including any

7     photograph, film, video, picture or computer or

8     computer-generated image or picture, whether made by --

9     whether made or produced by electronic, mechanical or other

10    means of sexually explicit conduct as that term is defined in

11    this statute.

12             The defendant shall provide the probation office with

13    access to any requested personal and/or business financial

14    information.

15             The defendant shall register with the state sex

16    offender registration agency in any state where the defendant

17    resides, is employed, carries on a vocation or is a student,

18    and shall provide proof of registration to the probation

19    officer.

20             The probation office is authorized to release the

21    defendant's presentence investigation report to the New York

22    State Board of Examiners of Sex Offenses.  Further disclosure

23    to the county court and the parties involved in the

24    determination of the defendant's final classification level is

25    also authorized.

1        The defendant shall submit to a search of his person,

2   property, vehicle, place of residence, or any other property

3   under his control based on reasonable suspicion, and shall

4   permit any evidence or contraband that may be discovered to be

5   confiscated.

6        The defendant must submit to a periodic polygraph

7   test at the discretion of the probation officer as a means to

8   ensure that he's in compliance with the requirements of his

9   supervision or treatment program.

10        The Court finds that the defendant does not have the

11   ability to pay the fine and orders the fine waived.  The Court

12   does find, however, that the defendant is not indigent and,

13   therefore, orders the mandatory $5,000 Justice For Victims of

14   Trafficking Act of 2015 assessment.

15        While incarcerated, if the defendant is non-UNICOR or

16   UNICOR grade 5, the defendant shall pay installments of $25

17   per quarter.  If assigned grades 1 through 4 in UNICOR, the

18   defendant shall pay in installments of 50 percent of his

19   monthly pay.

20        While on supervision, the defendant shall make

21   monthly payments at the rate of 10 percent of monthly gross

22   income.  Payments shall be made to the Clerk, United States

23   District Court, Attention Finance, United States Courthouse,

24   2 Niagara Square, Buffalo, New York 14202.

25        The defendant also shall pay to the United States a

1  mandatory special assessment of $100 due immediately, payment

2  shall be made to the Clerk, United States District Court,

3  Attention Finance, United States Courthouse, 2 Niagara Square,

4  Buffalo, New York 14202.

5       If the special assessment is not paid when he is

6  incarcerated, payment of the special assessment shall begin

7  under the Bureau of Prisons Inmate Financial Responsibility

8  Program.

9       So in determining the sentence, I have carefully

10  reviewed all the circumstances of the case and the plea.  I

11  began my analysis by considering the advisory guidelines.

12  I've also considered all the arguments made by the attorneys

13  on both sides and by, Mr. Kurowski, you, yourself as to what

14  the appropriate sentence should be in this case.  And, most

15  importantly, I've considered the factors in Section 3553(a)

16  that I stated earlier and I'm not repeating now.

17       I'm not going to impose a fine or the cost of

18  imprisonment or supervised release because I don't think you

19  have the ability to make such payments, especially because you

20  have to pay the $5,000 required under the Justice For Victims

21  of Trafficking Act and the mandatory $100 special assessment.

22       This is one of those cases where I find myself in

23  agreement with almost everything that your lawyer said and

24  that the prosecutor said.  There's an awful lot that's true in

25  all of it.

1       You know, I don't buy the statement that you were

2  trying to learn to communicate with others about any subject

3  at all.  There clearly was a very strong sexual component to

4  these communications, and I understand this is probably a

5  small fraction of all the communications that you were

6  involved in, but there's a pattern here.  There's a pattern

7  here.

8       On the other hand, what you did I think coincided

9  with a period of depression, of probably what was clinical

10  depression and other mental health issues.  And I believe

11  based on the letters that I reviewed -- and I've read them

12  all, I read them all more than once -- and the mental health

13  assessments that I reviewed, that your conduct was caused by

14  and large by those mental health issues.

15       You know, I read the letters and I read what you said

16  to these young girls in the presentence report, and you can't

17  help but think of Jekyll and Hyde.  There's two different --

18  there's two different people.  There's a different person on

19  the computer than the, you know, the kind and shy person when

20  you're dealing with people one on one.

21       But the computer persona is a really bad and

22  dangerous persona and headed -- and was headed in a really bad

23  direction.  You know, there's no evidence that you ever acted

24  on anything that you said on the computer, and you say you

25  never would have acted on what your suggestions were on the

USA v Kurowski - Excerpt of Sentencing - 4/5/17          11

1    computer.  And I think that you believe that.

2           But what if one of these girls says, okay, let's go,

3    I'll be there in 15 minutes?  What -- what do you say to that?

4    No?  Never mind?  Just kidding?

5           I mean, you're painting yourself into a corner by the

6    suggestions and the talk on the -- on the computer.  So if one

7    of these computer correspondents says yes, you know, I'm on my

8    way, you may very well be in a whole lot more trouble than you

9    are now.

10          And in some ways I think that getting caught when you

11   did may have been a blessing because -- and I know it may be

12   hard for you to face that right now given the fact that you're

13   going to go to jail, but -- but it may have been a blessing

14   because, I'll tell you, I have had a number of other people in

15   this court who have acted on the things that they said on the

16   computer, and -- and I did not vary downward for those folks.

17   I'm pretty tough on these kinds of cases when there's action

18   in addition to the words and the pictures, and -- and -- and

19   because I feel the need to protect society from predators.

20          Now, I don't think you're a predator.  I don't think

21   you're a pervert.  I don't think you're a pedophile.  But I do

22   think you were heading in a very dangerous direction, and I do

23   think you were opening yourself up to the possibility of

24   acting on something that you never in a million years think

25   that you would act on.

1          I mean, as you said to me today, I can't believe that

2   I did this.  This is not like me.  This is not --

3          Well, you know, if one of these young girls says

4   let's go, and -- and then you get involved in this activity,

5   you know, for God's sakes, now we've got a whole different

6   ball game.  So I think that maybe it was a blessing that you

7   got caught where you were in the process when you got caught.

8          And your communications were with some really young

9   girls.  You know, so, the count that you pled guilty to

10  involved a 17 year old, somebody just short of 18 years old.

11  And that was, you know, she was the one that sent you the --

12  some sexually explicit photos that constituted child

13  pornography.  But you also got photos that constituted child

14  pornography from a 16 year old, and you engaged in very

15  sexually explicit talk with her.

16         You tried to get photos from a girl who's 15 and you

17  asked her to set you up with friends of hers who might have

18  been 14 or 15, if they might have been in to you.

19         And then worst of all, as Mr. Mango referred in his

20  comments with the 13 year old, when you find out -- I mean,

21  initially you think she's 15, then she tells you she's 13,

22  you're initially angry.  But the discussion then gets terribly

23  explicit with a 13-year-old girl.  I mean, this is now we're

24  talking about babies.  We're talking about kids who have no

25  appreciation.  And maybe, as your lawyer says, she is

1  communicating with other people, you know, I don't know.  I

2  don't know.  But I do know that 13 is awfully young.  And --

3  and, you know, asking her to meet you for sexual purposes,

4  telling her what you're going to do to her and things like

5  that is just serious and bad stuff.

6         When I was -- when I was a kid, and Mr. LoTempio may

7  remember this, Mr. Mango is probably too young for it, but we

8  used to have concept of guys who had beer muscles, and these

9  were guys who thought they were real tough when they got a

10  couple beers in them.  And they were generally nice guys, and

11  guys who would never think of getting involved in fights.  But

12  when they had a few beers in them, they were willing to act

13  and talk tough.  And sometimes those beer muscles got them

14  into trouble because they had to act on the tough talk that

15  they had.

16         I think what we're talking about here is something

17  that's parallel to that.  When you're hiding behind the

18  computer and you're anonymous, you've got the equivalent of

19  beer muscles.  You're talking a good -- a good ball game.  And

20  a person who's very appropriate and maybe even a little shy in

21  actual interpersonal communications, when he gets on the

22  internet and hides behind the anonymity of a computer screen

23  is something very different.

24         But when that results in minors sending photos that

25  constitute child pornography, that crosses the line.  And that

1    requires what I think is a fair punishment and a sentence that

2    promotes -- a sentence that promotes respect for the law and

3    that deters you and others from committing conduct like this,

4    a sentence that says what you've done is wrong, and is

5    seriously wrong.

6           You know, in cases like this, I can't tell you how

7    difficult it is to try to fashion a sentence that is fair and

8    that does justice to everyone, to the victims, to society, to

9    you, to your family sitting in back.  It's -- it's -- it's a

10   darn near impossible task.  And I have a feeling that today

11   the sentence that I'm imposing is making no one happy.  You

12   know, sometimes I think that I impose a sentence that makes

13   both sides happy, sometimes -- most often I impose a sentence

14   that I think makes one side happy.  I think everybody's going

15   to leave the courtroom unhappy today.  Nobody's going to think

16   I did a good job.

17          You and your family and your lawyer think that

18   putting you in jail is the wrong thing, I know that.  The

19   prosecutor and perhaps others think I'm being way to lenient

20   with you.  This is the best I can do under these circumstances

21   to come up with something that's fair, that promotes respect

22   for the law, that fits all the Section 3553 factors.

23          The nature and the circumstances of the offense I

24   think might call for a harsher sentence.  Your personal

25   history and characteristics might call for a more lenient

1    sentence.  But I think taking into account those factors and

2    all the factors in Section 3553(a)(2) justify the sentence

3    that I've imposed as appropriate under all the circumstances.

4          So, in addition to that, I've imposed a ten-year

5    period of supervised release that is designed to do a couple

6    things:

7          One.  To help you return to society after you've been

8    incarcerated;

9          Two.  To allow the office of probation and pretrial

10   services to keep an eye on you for a significant period of

11   time to make sure that you don't regress.

12         I have a lot of confidence, as your lawyer does, that

13   you won't.  But I want to -- given the fact that this involved

14   young girls who were so young, I'd rather be safe than sorry

15   under circumstances like this, and that's why I'm imposing a

16   pretty significant term of supervised release.

17         So, based on the guidelines, based on the positions

18   of the parties, based on my review of all the facts and

19   circumstances in this case, I believe that the sentence

20   imposed is sufficient but not greater than necessary to comply

21   with the purposes of sentencing in Section 3553.

22         Pursuant to Rule 32J1(b) of the Federal Rules of

23   Criminal Procedure, I now must advise you of your right to

24   appeal.  You have a statutory right to appeal your sentence

25   under certain circumstances, particularly if you think the

1    sentence is contrary to law.  A defendant may waive those

2    rights as part of a plea agreement.

3          As I think you recognize, Mr. Kurowski, you entered

4    into a plea agreement in which you waived your rights to

5    appeal a sentence that falls within or is less than the

6    calculated guidelines range of imprisonment as this sentence

7    is.  Waivers like these are generally enforceable, but if you

8    believe the waiver is unenforceable for some reason, you

9    can present that theory to an appellate court.

10          If you want to attempt to appeal some issue that you

11   believe survives your waiver, you must file a notice of appeal

12   within 14 days.

13          If you're unable to pay for the cost of an appeal,

14   you may apply for leave to appeal in forma pauperis, that

15   means leave to appeal without paying costs.

16          And you have the right to be represented by counsel

17   for any appeal.  If you can't afford counsel, you have the

18   right to have counsel appointed to represent you.

19          One last thing.  I am recommending that the sentence

20   be served in a facility that has the wherewithal to provide

21   you with mental health care and specifically mental health

22   care for people who have been convicted of sexual-related

23   offenses, so I make that recommendation to the Bureau of

24   Prisons.  That's my primary recommendation, the first

25   priority.

1          The second priority is I'll recommend that you be

2   placed in a facility as close to Western New York as possible

3   so that your -- your family, obviously, you have a tremendous

4   amount of support in your family, and that's a wonderful

5   thing.

6          You're a young guy.  You're going to be a young guy

7   when you get out of prison.  You're going to have a lot of

8   years ahead of you.  And as your lawyer says, you're

9   extraordinarily bright, you're very eloquent, you've got a lot

10  of talent and a lot of tools that you can use for the good of

11  society.  I have no doubt that, you know, when you get this

12  behind you, you're going to become a productive member of

13  society.  And you -- you've got, you know, lots of people who

14  love you and who are going to keep you on the straight and

15  narrow.  And you need to rely on them for their help when you

16  need it.

17         And you also, you know, got some medical care and

18  attention that you recognize that you need now and that you're

19  going to be getting, and that's going to help you.  And I have

20  no doubt that you have a bright future, but you've got a

21  little bit of a hurdle to get over before you starting living

22  that bright future.

23         I wish you all the luck in the world, and I hope that

24  you can turn this around.  I think you can.  I think you can.

25         Anything further?

1          MR. MANGO:  Judge, we move to dismiss Counts 1, 2 and

2     3 of the indictment and ask that the forfeiture provisions of

3     the plea agreement be incorporated into the sentence which

4     included forfeiting the defendant's iPhone, iPad, and MacBook.

5     We'll provide a final order of forfeiture on that point.

6          THE COURT:  Okay.  The motions to dismiss the other

7     counts of the indictment are granted.  Any objection to the

8     forfeiture?

9          MR. LoTEMPIO:  No, Judge.

10         THE COURT:  Okay.  So the motion for the forfeiture

11    is granted, as well, and you'll provide me with a written

12    order on that?

13         MR. MANGO:  Yes, Judge.

14         THE COURT:  And I will sign it.  Anything further,

15    Mr. LoTempio?

16         MR. LoTEMPIO:  No, Your Honor.

17         THE COURT:  Okay.  The defendant is remanded.  And

18    good luck to you, sir.

19         Thank you, folks, for being here.  I'm sorry under

20    the circumstances.  And I know that sentences like these have

21    an impact on the family, as well, and my heart goes out to

22    you.  Thanks very much.

23         THE CLERK:  All rise.

24         (Proceedings concluded at 3:45 p.m.)

25              *     *     *     *     *     *     *

1                        CERTIFICATION

2

3            I certify that the foregoing is a

4       correct transcription of the proceedings

5       recorded by me in this matter.

6

7

8

9                        s/ Ann M. Sawyer
                         Ann M. Sawyer, FCRR, RPR, CRR,
10                       NYRCR, NYACR, Notary Public
                         Official Reporter
11                       U.S.D.C., W.D.N.Y.

12

13

14

15

16

17

18

19

20

21

22

23

24

25